UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
AMIN MARTE,                                        :

                                     :

                 Petitioner,        **REPORT & RECOMMENDATION**
                                     :
    -against-                                      :        09 Civ. 1036 (RJS)(KNF)

                                     :
WILLIAM BROWN,                                    :

                                     :
                 Respondent.
-------------------------------------------------------------x
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD J. SULLIVAN, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Before the Court is Amin Marte's ("Marte") pro se petition for a writ of habeas corpus, made pursuant to 28 U.S.C. § 2254, challenging his 2001 conviction for first-degree assault and second-degree criminal use of a firearm.  Marte contends his confinement by New York State is unlawful, because his constitutional rights were violated when: (1) he was denied his due process right to a fair trial, based upon the prosecutor's improper conduct; and (2) prosecutorial misconduct resulted in a judgment "procured by fraud[,] duress and misrepresentation."  Marte dated his petition December 30, 2008.  The respondent opposes Marte's petition, through a motion made pursuant to Federal Rule of Civil Procedure 12(b), contending Marte has failed to state a claim upon which relief may be granted, as his petition is time-barred.  The motion is analyzed below.

## II. BACKGROUND AND PROCEDURAL HISTORY

Following the petitioner's arrest, in May 1999, he was indicted on one count of second-

degree attempted murder, two counts of first-degree assault, two counts of second-degree assault, one count of first-degree criminal use of a firearm, two counts of second-degree criminal possession of a weapon, and two counts of third-degree criminal possession of a weapon.  The petitioner was found guilty, after a jury trial, for first-degree assault and second-degree criminal use of a firearm, and was found not guilty on the remaining charges.  In May 2001, the petitioner was sentenced to 15 years imprisonment, for second-degree criminal use of a firearm, to run concurrently with 20 years imprisonment, for the first-degree assault.

The petitioner appealed from the judgment of conviction to the New York State Supreme Court, Appellate Division, First Department, and asserted: (1) the prosecutor engaged in misconduct, by making improper comments during the trial; and (2) the petitioner's sentence should be "modified."  In April 2005, the Appellate Division affirmed the petitioner's conviction unanimously.  See People v. Marte, 17 A.D.3d 110, 791 N.Y.S.2d 823 (App. Div. 1ˢᵗ Dep't 2005).  The petitioner applied for leave to appeal to the New York Court of Appeals.  On May 27, 2005, that application was denied.  See People v. Marte, 4 N.Y.3d 888, 798 N.Y.S.2d 733 (2005).

According to the petitioner's habeas corpus petition, on October 31, 2005, he filed, pro se, a motion to vacate the judgment of conviction, pursuant to New York Criminal Procedure Law ("CPL") § 440.10.  In his motion, the petitioner asserted: (1) his trial counsel provided ineffective assistance to him; (2) the prosecution committed misconduct, during his trial; and (3) he had newly discovered evidence.  By an order dated May 3, 2007, the New York State Supreme Court, Bronx County, denied Marte's CPL § 440.10 motion.  Marte applied for leave to appeal from the denial of his motion, which was denied by the New York State Supreme Court,

Appellate Division, First Department, via an order entered August 23, 2007.  See People v. Marte, 2007 N.Y. Slip. Op. 76235, 2007 WL 23899662007 (Aug. 23, 2007).  The petitioner filed an appeal from the denial of his application for leave to appeal, which was denied by the New York Court of Appeals on November 13, 2008.  See People v. Marte, 11 N.Y.3d 856, 872 N.Y.S.2d 79 (2008).

The application for a writ of habeas corpus followed.  After the respondent filed the instant motion to dismiss the petition, as time-barred, Marte submitted a letter, dated April 22, 2009, which noted that an inmate in the facility in which he was incarcerated had prepared an application "for the Court of Appeals."  Marte alleged that, although this inmate assured Marte the application had been submitted to the Court of Appeals, Marte learned, seven months later, that his "motion and application for the Court of Appeals," were still in the inmate's cell.  Upon receipt of his motion and application, Marte submitted them to the "Court of Appeals."

## III. DISCUSSION

A.    Standard for a Rule 12(b)(6) Motion to Dismiss[1]

When considering a motion to dismiss, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  See Staehr v. Hartford Financial Services Group, Inc., 547 F.3d 406, 424 (2d Cir. 2008).  The same requirement attends when a habeas corpus petition is the focus of such a motion.  See Williams v. Breslin, 274 F. Supp. 2d 421, 425 (S.D.N.Y. 2003).  At the pleading stage, no obligation exists to prove anything, only to allege "enough facts to state a claim to relief that is plausible

---

[1]The Federal Rules of Civil Procedure may be applied to habeas corpus proceedings.  See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.

on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007);

see also Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (internal quotations

omitted) (citing and endorsing Twombly's "plausible on its face" standard).  Additionally,

when assessing a motion made pursuant to Fed. R. Civ. P. 12(b)(6), "consideration is limited to

facts stated on the face of the complaint, in documents appended to the complaint or

incorporated . . . by reference, and to matters [about] which judicial notice may be taken." Allen

v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991).

B.     Timeliness of Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April

24, 1996, amended 28 U.S.C. § 2244(d) to provide a one-year statute of limitations for habeas

corpus petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1), as amended by AEDPA, Pub.L. No. 104-132, §§ 101, 106, 110 Stat.

1214 (1996).

AEDPA's amendments apply to non-capital habeas corpus cases filed after April 24, 1996, the date on which the statute was enacted.  See Lindh v. Murphy, 521 U.S. 320, 322-23, 117 S. Ct. 2059, 2061 (1997).  Marte's petition, filed after the effective date of AEDPA, is subject to the one-year statute of limitations.  Only sub-paragraph (A) applies here, as none of the events covered by sub-paragraphs (B), (C), or (D) are implicated.

The Second Circuit has made clear that a conviction becomes final, and AEDPA's one-year limitation period begins to run, upon the expiration of the time to seek direct review in the United States Supreme Court by writ of certiorari.  See Acosta v. Artuz, 221 F.3d 117, 120 (2d Cir. 2000) (internal quotations and citations omitted).  Therefore, a petitioner's conviction becomes final, for the purpose of determining timeliness, ninety (90) days after entry of the judgment of conviction or entry of the order denying discretionary review.  See Sup. Ct. R. 13(1) (establishing ninety-day period for filing petition for writ of certiorari).

In the case at bar, Marte's conviction became final, for the purpose of the statute of limitations, on August 25, 2005, ninety (90) days after the New York Court of Appeals denied him leave to appeal from the Appellate Division's April 2005 determination to affirm the judgment of conviction.  Crediting the date Marte alleges he filed his CPL § 440.10 motion, October 31, 2005, 67 days elapsed from the time his conviction became final.  The period from October 31, 2005, to August 23, 2007, is tolled, since Marte's CPL § 440.10 motion was pending before the New York State Supreme Court, Bronx County, and then his appeal from the denial of his CPL § 440.10 motion was pending before the New York State Supreme Court, Appellate Division, First Department.  See 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this

subsection"). When Marte's application for leave to appeal from the denial of his CPL § 440.10

motion was denied, by the First Department, the limitations period began to run. This is so, even

though Marte filed an application for leave to appeal from the denial of his CPL § 440.10

motion, to the New York Court of Appeals, because, under CPL § 450.90, no appeal to the New

York Court of Appeals lies from an Appellate Division order denying a motion for leave to

appeal a trial court's denial of a CPL § 440.10 motion. See CPL § 450.90; see also Klein v.

Harris, 667 F.2d 274, 283-84 (2d Cir. 1981) (citing People v. Williams, 342 N.Y.S.2d 75, 76 [2d

Dep't 1973]). Since 67 days had already elapsed from the statute of limitations period, Marte

had 298 days from August 23, 2007, or until Monday, June 16, 2008, to file his habeas corpus

petition timely. However, Marte's habeas corpus petition is dated December 30, 2008, and was,

thus, filed 198 days after the limitations period expired. Therefore, unless he qualifies for

additional tolling of the limitations period, Marte's petition is time-barred.

       In order to establish entitlement to an equitable toll of the one-year limitations period, a

petitioner must show that:

> extraordinary circumstances prevented him from filing his petition on time,
> and he . . . acted with reasonable diligence throughout the period he seeks to
> toll. To show that extraordinary circumstances prevented him from filing his
> petition on time, petitioner must demonstrate a causal relationship between
> the extraordinary circumstances on which the claim for equitable tolling rests
> and the lateness of his filing, a demonstration that cannot be made if the
> petitioner, acting with reasonable diligence, could have filed on time
> notwithstanding the extraordinary circumstances.

Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) (internal citations, emphasis, and

quotation marks omitted), cert. denied, 536 U.S. 925, 122 S. Ct. 2593 (2002). "Without more, a

petitioner's <u>pro se</u> status does not merit equitable tolling." <u>Hickey v. Senkowski</u>, No. 02 Civ. 1437, 2003 WL 255319, at *3 (S.D.N.Y. Feb. 4, 2003) (citations omitted).

   The only submission to the Court that provides any basis for an equitable tolling argument is Marte's letter, dated April 22, 2009, in which he states another inmate prepared his "notice of motion and application for the Court of Appe[a]ls," and that, though this inmate informed Marte the application was sent timely to the Court of Appeals, "seven months lat[er,] . . . the [prison] administrat[ors] [were] sent to search his cell [and] they found in his cell [Marte's] motion and application of [sic] the Court of Appeals."  A liberal reading of Marte's letter suggests Marte is asserting his application to the Court of Appeals was delayed and the period of delay should be tolled.  However, to the extent Marte's direct appeal to the New York Court of Appeals was delayed, the statute of limitations did not begin to run until 90 days after the New York Court of Appeals affirmed his conviction on direct appeal.  Insofar as Marte suggests his application to the New York Court of Appeals, for leave to appeal from the denial of his CPL § 440.10 motion, was delayed, as discussed above, he is not entitled to equitable tolling, because, under CPL § 450.90, no appeal to the New York Court of Appeals lies from an Appellate Division order denying a motion for leave to appeal a trial court's denial of a CPL § 440.10 motion.  <u>See</u> CPL § 450.90; <u>see also</u> <u>Klein</u>, 667 F.2d at 283-84 (citations omitted). Therefore, Marte has not shown he is entitled to equitable tolling, or that his habeas corpus petition was filed timely.  <u>See</u> <u>Hickey</u>, 2003 WL 255319, at *4, 2003 U.S. Dist. LEXIS 1606, at *12 (stating that "[e]ven a <u>pro se</u> plaintiff's misapprehension of the law regarding the statute of limitations does not constitute 'extraordinary or unusual circumstances' preventing him from filing a timely petition").  Since Marte's petition does not provide "enough facts to state a claim to relief that is plausible on its face," because his petition is time-barred, it is reasonable and

7

appropriate to grant the respondent's motion to dismiss.  See Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Iqbal, __ U.S. __, 129 S. Ct. at 1949.

## IV.  RECOMMENDATION

For the reasons set forth above, I recommend that the respondent's motion to dismiss Marte's petition for a writ of habeas corpus, because it is time-barred, Docket Entry No. 4, be granted and the petition denied.

* * *

N.B. All unpublished decisions to which citation has been made are being provided to the petitioner with a copy of this order.

## V.  FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan, 500 Pearl Street, Room 615, New York, New York, 10007, and to the chambers of the undersigned, 40 Foley Square, Room 540, New York, New York, 10007.  Any requests for an extension of time for filing objections must be directed to Judge Sullivan.  FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.  See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank

v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d

Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).

Dated: New York, New York
December 1, 2009

Respectfully Submitted,

_Kevin Nathaniel Fox_

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Amin Marte
Alexis Pimentel, Esq.

9