UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

№ 09 Civ. 1036 (RJS) (KNF)

AMIN MARTE,

Petitioner,

VERSUS

WILLIAM BROWN,

Respondent.

ORDER ADOPTING REPORT AND RECOMMENDATION
April 20, 2010

RICHARD J. SULLIVAN, District Judge:

Amin Marte ("Petitioner") petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction in state court. Before the Court are Petitioner's objections to the December 2, 2009 Report and Recommendation ("Report") of the Honorable Kevin Nathaniel Fox, Magistrate Judge, recommending the denial of the Petition. For the reasons set forth below, the Court concludes that Petitioner's objections are without merit and adopts Magistrate Judge Fox's Report in its entirety.

I. BACKGROUND

On May 28, 1999, Petitioner was charged with second-degree attempted murder, first- and second-degree assault, first-degree criminal use of a firearm, and second- and third-degree criminal possession of a weapon in the Supreme Court of New York, Bronx County. He was convicted by jury trial on March 13, 2001 of first-degree assault and second-degree criminal use of a firearm, and found not guilty on the remaining charges. On May 21, 2001, Petitioner was sentenced to fifteen years' imprisonment for second-degree criminal use of a firearm, to run concurrently

with twenty years' imprisonment for first-degree assault.[1] *See* N.Y. Penal Law §§ 70.02(3)(b), 265.08. He is currently serving this sentence at Eastern N.Y. Correctional Facility in Napanoch, New York.

The Appellate Division affirmed Petitioner's conviction on April 5, 2005. *People v. Marte*, 791 N.Y.S.2d 823 (N.Y. App. Div. 2005). Petitioner's application for leave to appeal his conviction was dismissed by the New York Court of Appeals on May 27, 2005. *People v. Marte*, 798 N.Y.S.2d 733 (N.Y. 2005). Petitioner then filed a pro se motion, dated October 31, 2005, to vacate the judgment of conviction, pursuant to New York Criminal Procedure Law § 440.10 (the "§ 440.10 motion"). The New York State Supreme Court, Bronx County subsequently denied the § 440.10 motion by order on May 3, 2007 (the "May 3 Order"). Petitioner's application for leave to appeal from the dismissal of the § 440.10 motion was rejected by the Appellate Division on August 23, 2007. *People v. Marte*, 2007 N.Y. Slip. Op. 76235(U) (N.Y. App. Div., Aug. 23, 2007). Petitioner's appeal of the August 23, 2007 decision was denied on November 13, 2008. *People v. Marte*, 872 N.Y.S.2d 79 (N.Y. 2008).

On December 30, 2008, Petitioner filed a habeas corpus petition (the "Petition") under 28 U.S.C. § 2254 to challenge his conviction, asserting denial of his right to a fair trial and prosecutorial misconduct. Respondent filed a motion to dismiss the Petition on March 20, 2008, contending that the Petition was time-barred.

The Petition was referred to Magistrate Judge Fox on February 25, 2009 (Doc. No. 2), who issued his Report on December 2, 2009, recommending that Respondent's motion to dismiss be granted because the Petition was time-barred (Doc. No. 9). Magistrate Judge Fox gave the parties ten days to file objections to the Report and warned that the failure to file timely objections would constitute a waiver of those objections for the purposes of appeal. (Doc. No. 9.) The Court extended the time to file objections to January 7, 2010. (Doc. No. 10.) Petitioner timely filed objections to Magistrate Judge Fox's Report.

## II. DISCUSSION

Petitioner objects to Magistrate Judge Fox's Report on the ground that his time for filing should have been equitably tolled for specific exceptional circumstances. (Obj. 1.) To the extent that a party makes specific objections to a magistrate judge's findings, the court must undertake a *de novo* review of the petitioner's objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), state prisoners seeking habeas corpus relief whose convictions became final after April 24, 1996 typically must file their petitions within one year of the date that their convictions became final. *See* 28 U.S.C. § 2244(d)(1); *Lindh v. Murphy*, 521 U.S. 320 (1997). However, Section 2244(d)(2) of the AEDPA tolls the "[t]ime during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending."

---

[1] Petitioner was originally sentenced to two concurrent terms of twenty years' imprisonment on March 13, 2001. However, because second-degree criminal use of a firearm is a Class C violent felony under New York law, which carries a maximum sentence of fifteen years, Petitioner's sentence was modified on May 21, 2001.

Petitioner's judgment of conviction became final on August 25, 2005 — ninety days after the Court of Appeals' May 27, 2005 Order — when the time to seek direct review in the United States Supreme Court by writ of certiorari expired. *See Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998); Sup. Ct. R. 13(1) (establishing ninety-day period for filing petition for writ of certiorari). The AEDPA limitations period began to run on this date, and was tolled under § 2244(d)(2) between October 31, 2005 (when Petitioner filed a § 440.10 motion to vacate the judgment) and August 23, 2007 (when Petitioner's application for leave to appeal the § 440.10 motion denial was rejected by the Appellate Division). Accordingly, Petitioner's time to file a habeas petition expired on June 16, 2008.[2]

Petitioner's habeas petition is dated December 30, 2008, over six months after the one-year deadline had passed. Nevertheless, Petitioner asserts that his petition was timely in that equitable tolling should be applied for the following reasons: (1) Petitioner has been working on, and has acquired some proof in support of, his claim of actual innocence; (2) he lacks the legal training and English fluency to prepare a habeas petition; (3) his attorney died without addressing his post-conviction motion and supporting affidavits; (4) his § 440.10 application was found in an inmate legal assistant's (Joel Anderson) prison cell months after Anderson had allegedly mailed it, causing the AEDPA time to run throughout this period; and (5) because he had to attend Family Court numerous times over the course of the AEDPA period, Petitioner had not been "readily capable" of ensuring that Anderson mailed his Petition on time. (Obj. 1-3.)

The Court finds each of these claims to be meritless. Petitioner's objections do not meet the standard for equitable tolling because he has not shown that he pursued his Petition diligently, or that "extraordinary circumstances" prevented him from doing so. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001); *Valencia v. United States*, No. 03 Civ. 5346 (KMW), 2007 WL 2111074, at *4 (S.D.N.Y. July 13, 2007). The Court now discusses each of Petitioner's objections in turn.

A. Actual Innocence

In *Doe v. Menefee*, 391 F.3d 147, 160 (2d Cir. 2004), the Second Circuit specifically reserved on the question of whether a claim of actual innocence based on newly discovered evidence constitutes an extraordinary circumstance that merits equitable tolling. Nevertheless, a district court faced with an untimely habeas petition where the petitioner asserts a claim of actual innocence should first determine whether such a claim is "credible," before ruling on whether such a showing provides a basis for equitable tolling. *Castillo v. Ercole*, No., 2009 WL 1492182, at *5 (S.D.N.Y. May 27, 2009) (internal quotations omitted).

In the habeas context, a credible claim of actual innocence requires a petitioner to establish that in light of new evidence, it is more likely than not that no reasonable juror

---

[2] The time period during which Petitioner's appeal of the August 23, 2007 dismissal was pending before the New York Court of Appeals is not tolled under 28 U.S.C. § 2244(d)(2). *See Clark v. Barkley*, 51 F. App'x 332, 333-34 (2d Cir. 2002) (finding that the one-year limitations period starts to run when the Appellate Division has denied leave to appeal).

3

would have found petitioner guilty beyond a reasonable doubt. *Id.* at *6 (internal quotations omitted). This requires a showing of new reliable evidence, such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial," and an explanation of how the "timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *House v. Bell*, 547 U.S. 518, 537 (2006). Presented with a fully developed record, the Court would then consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admissible at trial," and "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Id.* at 537-38.

The Supreme Court has emphasized that the standard articulated above is "demanding and permits review only in the extraordinary case." *Id.* at 538 (internal quotations omitted). Here, Petitioner only contends that he "has been working on, and has acquired some proof in support of his claim of actual innocence." (Obj. 1.) This bare assertion fails to make the showing necessary for the Court to evaluate his claim. Accordingly, the Court need not reach the legal issue of whether Petitioner's claim provides a basis for equitable tolling.

### B. Lack of Legal Training and English Fluency

Petitioner's second claim regarding his lack of legal training and English fluency similarly fails to invoke equitable tolling. Courts have rejected lack of access to legal services, illiteracy, lack of English fluency, and ignorance of the law as extraordinary circumstances that "effectively prohibit [a] petitioner from pursuing habeas relief." *Armand v. Strack*, No. 98 Civ. 6650 (RJD), 1999 WL 167720, at *5 (E.D.N.Y. Feb. 19, 1999); *see also Agramonte v. Walsh*, No. 00 Civ. 892 (NG), 2002 WL 1364086, at *2 (E.D.N.Y. June 20, 2002) (asserting that numerous inmate petitioners suffer under these limitations). This is especially true where the petitioner raises claims in the habeas petition that are the same as those previously exhausted in state court and/or on direct appeal. *See Nguyen v. Mervau*, No. 98 Civ. 2038 (PR), 1998 WL 556628, at *2 (N.D. Cal. Aug. 24, 1998).

Petitioner's several written and signed letters to the Court show that his difficulty with English is not "coterminous with an inability to understand English." *Silvestre v. United States*, 55 F. Supp. 2d 266, 268 (S.D.N.Y. 1999). Moreover, Petitioner has previously raised the same claims of prosecutorial misconduct and deprivation of a fair trial in other appeals, indicating that his alleged limitations are not exceptional circumstances that would justify his failure to file a timely habeas petition. Thus, the Court finds that Petitioner cannot assert lack of legal training or English fluency as grounds for equitable tolling.

### C. Ineffective Legal Assistance

Petitioner further asserts that the limitations period should be equitably tolled for ineffective legal assistance because: (1) the attorney (Herman Graber) whom Petitioner had retained to work on his appeals and applications passed away before working on Petitioner's post-conviction motion and supporting affidavits (Obj. 3), and (2) Anderson's delay in mailing Petitioner's §

440.10 application caused the AEDPA to run between August 25, 2005 and October 31, 2005 (*id.* at 2).

The Court finds both claims to be meritless. Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstance . . . and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *McPherson v. Burge*, No. 9:06 Civ. 1076 (GTS/VEB), 2009 WL 1293342, at *7 (N.D.N.Y. May 5, 2009).

Petitioner has not shown a causal relationship between Graber's death and his untimely habeas petition, which was filed over three and a half years after Graber had passed away.[3] Indeed, Petitioner does not assert that he ever contacted Graber prior to Graber's death about filing a habeas petition or any other post-conviction motions or supporting affidavits. Failing to inquire about, or keep abreast of, the status of one's case demonstrates a lack of reasonable diligence, which in turn "militates against equitably tolling the statute of limitations." *Jimenez v. Phillips*, No. 04 Civ. 10155 (RWS), 2006 WL 118369, *3 (S.D.N.Y. January 16, 2006).

Similarly, relying on the misinformation of prison law clerks does not justify equitable tolling. *See Roman v. Artuz*, No. 00 Civ. 1400 (DLC), 2000 WL 1201392, at *2 (S.D.N.Y. Aug. 22, 2000); *Agramonte*, 2002 WL 1364086, at *2; *Armand v. Strack*, No. 98 Civ. 6650 (RJD), 1999 WL 167720, at *3 (E.D.N.Y. Feb. 19, 1999). As a result of Anderson's alleged delay in mailing Petitioner's § 440.10 application, 67 days elapsed under the AEDPA before the tolling provision of § 2244(d)(2) went into effect. However, the Petition was not filed until December 30, 2008 — 197 days past the end of the limitations period. Thus, even if the 67 days due to Anderson's alleged delay were tolled, the Petition would still have been untimely by approximately 130 days.

D. Required Court Attendance

Finally, the Court dismisses Petitioner's contention that because he was required to attend Family Court numerous times during the AEDPA limitations period, he was "not readily capable" of ensuring that Anderson timely filed his habeas petition. (*See* Obj. 3.) The record shows that Petitioner filed his habeas petition pro se in December of 2008. (Doc. No. 1.) Petitioner himself notes that Anderson had ceased assisting him with his legal work sometime prior to October 31, 2005 (the date on which Petitioner filed his § 440.10 motion pro se), and thereafter, Petitioner was "unable to have his privileges" with Anderson reinstated. (Obj. 2.) Thus, the Court finds that the Petition's untimeliness was not attributable in any part to Anderson, or to Petitioner's alleged inability to monitor Anderson.[4]

---

[3] Although Petitioner has not asserted in his objections when Graber died, the Court is aware that Petitioner filed a pro se summons and complaint for legal malpractice against Graber in or around July 2005. *Marte v. Graber*, 867 N.Y.S.2d 71, 72 (N.Y. App. Div. 2008). Subsequently, Petitioner discovered that Graber had died on April 2, 2005. *Id.*

[4] Even if Petitioner had intended to assert in his objections that his Family Court appearances rendered him incapable of ensuring that Anderson mailed his *§ 440.10 motion* earlier, Petitioner again makes no causal showing as to how his obligation to appear in Family

Indeed, even if Petitioner's court appearances burdened his pro se efforts to a greater extent than he otherwise would have experienced, they do not rise to the level of "rare and exceptional circumstance" necessary for equitable tolling. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotations and citations omitted); *see also Gonzalez v. United States*, No. 02 Civ. 2733 (SAS), 2002 WL 31512728, at *4 (S.D.N.Y. Nov. 8, 2002) (finding that a 46-month delay in filing an appeal did not constitute reasonable diligence, even taking into account a petitioner's pro se status and the realities of prison life).

The Court concludes that because Petitioner's objections are meritless and the Petition is time-barred, Respondent's motion to dismiss is granted.

### III. CONCLUSION

For the foregoing reasons, the Report is adopted in its entirety and the Petition is DENIED. In addition, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253, and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

/s/ Richard J. Sullivan
RICHARD J. SULLIVAN
United States District Judge

Dated: April 20, 2010
    New York, New York

\*\*\*

Petitioner is appearing in this matter on a pro se basis. Respondent is represented by Alexis Pimentel, Bronx District Attorney Office, 198 East 161st Street, Bronx, New York 10451.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/21/10

---

Court prevented him from making *any* inquiry into the status of his post-conviction matters. *See McPherson*, 2009 WL 1293342, at *7.